IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEROME RISER                    §
                                §
        Plaintiff,              §
                                §
VS.                             §        NO. 3-09-CV-0353-L
                                §
INTERNAL REVENUE SERVICE        §
                                §
        Defendant.              §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jerome Riser, a resident of Cross Roads, Texas,

against the Internal Revenue Service ("IRS"). On February 23, 2009, plaintiff tendered a 23-page

complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*.

Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the

funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and

allowed the complaint to be filed. Upon further review, the court determines that this case should

be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, a former IRS employee, alleges that the agency conspired with others to violate his

First Amendment rights by investigating him through wiretaps of his telephones, surveillance of his

home and workplace, and the installation of tracking devices on his vehicles. According to plaintiff, these groundless investigations damaged his professional reputation and, ultimately, caused him to lose his job. Plaintiff also accuses various IRS employees of making defamatory remarks about him. By this suit, plaintiff seeks $1 billion in damages.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

B.

This is the second time plaintiff has sued the IRS for defamation and invasion of privacy. A prior action brought by plaintiff against his former employer is currently pending in the Southern District of Texas. *See Riser v. Paulson*, No. 6-08-CV-0002 (S.D. Tex., filed Jan. 11, 2008). The court therefore concludes that the instant case, which alleges claims that are duplicative of those asserted in the prior action, should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2). *Pittman*, 980 F.2d at 995; *Wilson*, 878 F.2d at 849.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 3, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE